UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00621-FDW-DCK

| | |
|---|---|
| MARCUS D. THORTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE ART INSTITUTE OF CHARLOTTE, )<br>)<br>Defendant. ) | ORDER |

THIS MATTER is before the Court *sua sponte*. For the reasons set forth below, this matter is dismissed with prejudice.

**PROCEDURAL HISTORY**

Plaintiff removed this case to this Court on November 7, 2014. (Doc. No. 1). Thereafter, on December 3, 2014, the Court granted Defendant's Motion to Stay Judicial Proceedings and Defer to Arbitration based on an arbitration agreement entered into by the parties. (Doc. No. 5). In its Order staying the proceedings pending arbitration, the Court ordered the parties to proceed to arbitration and submit reports to the Court every ninety (90) days. Id. Additionally, the Court informed the parties that this matter must be resolved within six (6) months of the date of that Order, i.e., June 2, 2015. Id.

On March 4, 2015, Defendant filed its first status report, without Plaintiff's input or assistance. (Doc. No. 6). The report detailed numerous attempts made by Defendant to contact Plaintiff and to proceed to arbitration, all to no avail. Id. Because Plaintiff failed to submit a status

1

report, as required by the Court's December 3, 2014 Order, the Court issued an order *sua sponte* requiring Plaintiff to show cause by April 21, 2015 why he had not submitted his first report on the progress of arbitration in this case. (Doc. No. 7). On June 24, 2015, more than two months after Plaintiff's deadline to show cause, Plaintiff had not responded to the Order to show cause, and had otherwise failed to make any filings or contact with the Court concerning the status of this case. Therefore, at that time, the Court issued a second order to Plaintiff requiring him to show cause why his Complaint against Defendant should not be dismissed for failure to prosecute. (Doc. No. 8). This Order cautioned Plaintiff that his failure to timely respond could result in dismissal of his Complaint for failure to prosecute. Id.

As of the date of this Order, the deadline for the parties to resolve this matter has passed, and Plaintiff has failed to respond to both of the Court's orders to show cause.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure ("FRCP") provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Moreover, "a district court possesses the 'inherent power' to dismiss a case *sua sponte* for failure to prosecute … . [S]uch authority derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Eriline Co., S.A. v. Johnson, 440 F.3d 648, 654 (4th Cir. 2006) (quoting Link v. Wabash R. R. Co., 370 U.S. 626, 630-31 (1962)). Apparently abandoning his case, not only has Plaintiff failed to comply with the Court's Order compelling arbitration, but he has also failed to respond to the Court's two orders to show cause.

2

Recognizing that dismissal under Rule 41(b) is a harsh sanction and not to be invoked lightly, McGargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976), the Court finds that such dismissal is warranted in the present case. Consistent with well-established Fourth Circuit precedent, the Court has considered the following factors in its decision: (i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion; and (iv) the existence of a sanction less drastic than dismissal. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

First, while recognizing that Plaintiff is proceeding *pro se*, the Court finds that the degree of Plaintiff's personal responsibility remains great. The Court has gone to great lengths to instruct Plaintiff about his responsibilities in proceeding in this case, and Plaintiff has nonetheless failed to carry out these responsibilities and to prosecute the case. Second, Defendant has an interest in having this matter resolved expeditiously. It has, therefore, been prejudiced by Plaintiff's failure to proceed with arbitration and failure to prosecute his case. And, with respect to the third factor, the record clearly reflects Plaintiff's repeated delays in carrying out his responsibilities in this case. Plaintiff has exhibited a pattern of failing to abide by the Court's deadlines and failing to make appropriate filings. Not only has Plaintiff engaged in dilatory conduct, but Plaintiff has failed to prosecute his case. Finally, given Plaintiff's lack of compliance with numerous orders issued by the Court, any lesser sanctions would likely be ineffective.

The Fourth Circuit has held that a district court does not abuse its discretion by dismissing an action after issuing an explicit and reasonable warning. Ballard, 882 F.2d at 95-96. Consequently, noting the Court's warning to Plaintiff concerning the implications of his failure to appropriately respond to the Court's orders, the Court finds that dismissal is an appropriate

sanction for Plaintiff's failure to prosecute and non-compliance with the Court's orders. In sum, after considering the above factors, and it appearing that no other sanction is feasible or sufficient, the Court finds that dismissal of Plaintiff's Complaint is warranted pursuant to FRCP 41(b).

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's case is DISMISSED WITH PREJUDICE, and the Clerk of Court is respectfully directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: July 2, 2015

Frank D. Whitney
Chief United States District Judge